# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **BUCHANAN COUNTY, VIRGINIA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05CV00066 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **STUART RAY BLANKENSHIP, ET AL.,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Plaintiff; Richard D. Kennedy, Sturgill & Kennedy, Norton, Virginia, for Defendant James Ralph "Pete" Stiltner, Jr.; Donald R. McGlothlin, Jr., The McGlothlin Firm, Lebanon, Virginia, for Defendant Terry Allen Keene; Mary Lynn Tate, The Tate Law Firm, Abingdon, Virginia, for Defendant Terry Gene Clevinger.*

In this civil action for damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1964 (West 2000) and Virginia law, certain of the defendants are incarcerated felons who have moved to dismiss or for the appointment of guardians ad litem. For the reasons stated in this opinion, I have denied the motions.

The defendants were targets of a bribery and bid-rigging prosecution in this court dubbed by the government "Operation Big Coon Dog," which arose following

flooding in a portion of Buchanan County, Virginia.[1]  They pleaded guilty and were sentenced to imprisonment.  In the present civil case, the county government is attempting to recover its losses resulting from the criminal scheme.  All of the defendants here were served in this case with a summons and a copy of the complaint after their convictions but before they began serving their sentences.  All of the defendants are domiciled in Virginia.

Defendant James Ralph "Pete" Stiltner, Jr., has moved to dismiss for lack of jurisdiction over the person under Rule 12(b)(2) and Rule 17 on the ground that no guardian ad litem has been appointed for him.  Defendant Terry Gene Clevinger has moved for appointment of a guardian ad litem by way of a Special Plea and Suggestion of Disability.  Defendant Terry Allen Keene has filed a motion for appointment of a guardian ad litem.

Rule 17(b) provides in pertinent part that "the capacity of an individual . . . to . . . be sued shall be determined by the law of the individual's domicile." Fed. R. Civ. P. 17(b).  A Virginia statute provides that "[n]o action or suit on any claim or demand [except for certain divorce and family actions] shall be instituted against a prisoner

---

[1] For further background of the criminal prosecution, see *United States v. Keene*, 375 F. Supp. 2d 473, 474-476 (W.D. Va. 2005).  The name of the prosecution comes from the fact that some of bribes were in the form of gifts of expensive coon dogs.

after judgment of conviction and while he is incarcerated except through his committee." Va. Code Ann. § 53.1-223 (Michie 2005).[2]

Under the facts of the present case, I find that these defendants had the capacity to be sued under Virginia law. As noted in *Dunn v. Terry*, 217 S.E.2d 849, 854 (Va. 1975), in which the Supreme Court of Virginia construed an earlier version of section 53.1-223, "[c]onvicts are not civilly dead in Virginia." In that case, the court held that the trial court had obtained personal jurisdiction over a convicted felon even though he had no committee appointed for him because he had been served with process in the lawsuit after conviction but before he began service of his sentence. *Id*. Accordingly, the default judgment entered against the convict was not subject to collateral attack. *Id*. The court noted that the defendant in that case was "*sui juris* at the time the action against him was instituted . . . . [and he] was free to make whatever arrangements he desired to defend the action." *Id.*[3]

---

[2] Another statute provides that "[i]n all actions against one who has been convicted of a felony and is confined in a local or regional jail or State correctional institution, process shall be served on such convict and, subject to § 8.01-9, a guardian ad litem shall be appointed for him." Va. Code Ann. § 8.01-297 (Michie 2000). It is clear that this provision does not relate to capacity, however, and only to the method of service of process.

[3] A later opinion by the Virginia Court of Appeals cast doubt on the continued validity of *Dunn* because of a change in the wording of the statute. *See Mendes v. Mendes*, No. 2020-92-2, 1994 WL 102174, at *2-3 (Va. Ct. App. Mar. 29, 1994) (unpublished) (noting that after *Dunn* the legislature added the phrase "except through his committee" to the revised statute). However, in *Mendes* the convict was incarcerated before the suit was instituted, unlike *Dunn* and the present case. *Id*. at *1. Moreover, because the opinion was

- 3 -

It is true, as the defendants point out, that Virginia law defines a "person under a disability" to include "a person convicted of a felony during the period he is confined." Va. Code Ann. § 8.01-2(6)(a) (Michie Supp. 2005). Virginia law further provides that "a suit wherein a person under a disability is a party defendant shall not be stayed because of such disability, but the court in which the suit is pending, or the clerk thereof, shall appoint a discreet and competent attorney-at-law as guardian ad litem to such defendant." Va. Code Ann. § 8.01-9(A) (Michie Supp. 2005). The statute allows the court to appoint a non-attorney as guardian ad litem "[i]f no such attorney is found willing to act." *Id.* The statute excuses the appointment of a guardian ad litem if the person under a disability is represented by a lawyer licensed to practice in the state and the lawyer has entered an appearance of record in the case. Va. Code Ann. § 8.01-9(B) (Michie Supp. 2005).

These guardian ad litem provisions of Virginia law, however, do not require dismissal of these defendants. This is because these provisions are not concerned with the capacity of a party, but only with the protection of a person under a disability when sued. *See Cook v. Radford Cmty. Hosp., Inc.*, 536 S.E.2d 906, 909 (Va. 2000) (holding that an action on behalf of an incapacitated person must be brought by the

---

designated as unpublished, *Mendes* does not have precedential value. *See* Va. Code Ann. § 17.1-413(A) (Michie 2003); *Fairfax County Sch. Bd. v. Rose*, 509 S.E.2d 525, 528 n.3 (Va. Ct. App. 1999) (en banc).

person's committee and cannot be cured by the provisions of section 8.01-9 since that statute does not relate to capacity). Particularly since this case is brought under federal-question subject matter jurisdiction, the guardian ad litem provisions of Virginia law are not binding on the court. *See Kollsman v. Cohen*, 996 F.2d 702, 705 (4th Cir. 1993).

Whether to now appoint guardians ad litem for these defendants is another matter, but that decision does not implicate the capacity of these defendants to be sued. While this court has the inherent discretion to appoint a guardian ad litem for any party who is in need of such appointment, *see* 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1570, at 498 (2d ed. 1990), the court is only required to appoint a guardian ad litem or take other protective action where the party is an infant or incompetent person and is not otherwise represented in the action, *see* Fed. R. Civ. P. 17(c).

Moreover, it should also be noted that the appointment of a guardian ad litem does not necessarily carry with it the obligation of the plaintiff to pay for such guardian. While a guardian ad litem's costs and fees may be taxed to the prevailing party at the end of the case, "those [taxable] costs and fees may not include services the guardian ad litem performs as attorney to the [ward]." *Kollsman v. Cohen*, 996

F.2d at 706. Thus, if I did appoint guardians ad litem for these defendants, I would not direct in such order the payment of fees and costs by the plaintiff.

All of these defendants who have moved for appointment of guardians ad litem are represented by lawyers, although the lawyers have made "special appearances" in connection with the motions. I recognize that the defendants are incarcerated and accordingly there may be some special procedures in the case that will be appropriate in order to protect their legitimate interests. However, at this point in the case I see no reason to appoint guardians ad litem for these defendants.

DATED: December 22, 2005

/s/ JAMES P. JONES
Chief United States District Judge

- 6 -