# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| BUCHANAN COUNTY, VIRGINIA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05CV00066 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| STUART RAY BLANKENSHIP, ET ) | By: James P. Jones |
| AL., ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

*Steven R. Minor and R. Lucas Hobbs, Elliott Lawson & Minor, Bristol, Virginia, for Plaintiff; A. Benton Chafin, Jr., The Chafin Law Firm, P.C., Lebanon, Virginia, for Defendant David Mathias Thompson.*

In this civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1964 (West 2000), and Virginia law, the plaintiff Buchanan County, Virginia, has moved to dismiss a counterclaim filed by defendant David Mathias Thompson in which he seeks a money judgment against the county for failure to pay him sums allegedly owed.[1] It is asserted on behalf of the county that the counterclaimant has failed to allege compliance with the provision of state law requiring that claims against counties be first presented to and considered by the governing body of the county before suit is filed. *See* Va. Code Ann. §§ 15.2-1245

---

[1] The county claims that the defendant, a former county employee, participated in a bid-rigging scheme that defrauded the county; the defendant claims that the county has failed to pay him his full benefits.

through 1248 (2003). While the counterclaimant has alleged that he has submitted his claim to the governing body, he has not alleged that the claim has been denied or that the governing body has "refuse[d] or neglect[ed] to act upon [the] claim duly presented to it." Va. Code Ann. § 15.2-1247. It appears that at the time the Counterclaim was filed, the governing body had not yet had an opportunity to act upon the defendant's claim.

Absent such allegations, the plaintiff argues that the Counterclaim ought to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

While I agree that the exhaustion of the administrative claim process is an essential element of the Counterclaim, *see Karara v. County of Tazewell, Va.*, 450 F. Supp. 169, 172 n.2 (W.D. Va. 1978), *aff'd*, 601 F.2d 159 (4th Cir. 1979), I find that dismissal is not the appropriate remedy. Instead, I will stay the Counterclaim until and unless the counterclaimant can make the proper allegations.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss is DENIED. It is further **ORDERED** that the Counterclaim is STAYED pending further order of the court.

ENTER: September 12, 2006

/s/ JAMES P. JONES
Chief United States District Judge