# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **BUCHANAN COUNTY, VIRGINIA**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05CV00066 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **STUART RAY BLANKENSHIP, ET AL.**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*Steven R. Minor, Elliot Lawson & Minor, Bristol, Virginia, for Plaintiff; Timothy W. McAfee, Timothy W. McAfee, PLLC, Norton, Virginia, for Defendants Kenneth Joseph Stevens, Vansant Lumber Company, and KJ Stephens Associates, LLC.*

In this civil RICO action brought by Buchanan County, Virginia, seeking damages from the participants in a bid rigging and bribery scheme, certain of the defendants have moved to dismiss the case on the grounds that the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. §§ 1961-1968 (West 2000 & Supp. 2007) ("RICO" or "Act"), is unconstitutional and that this court lacks jurisdiction.[1] I have previously denied both motions and this Opinion more fully sets forth my reasons for doing so.

---

[1] The facts underlying this case are described in *Buchanan County, Virginia v. Blankenship*, 496 F. Supp. 2d 715 (W.D. Va. 2007).

I

On August 9, 2005, the plaintiff filed an Amended Complaint seeking damages and relief under the RICO Act. Defendants Kenneth Joseph Stephens ("Stephens") and KJ Stephens & Associates, LLC ("KJ Stephens & Associates") filed an Answer to the Amended Complaint on September 20, 2005. On that same day, defendant Vansant Lumber Company ("Vansant Lumber") filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The court denied that motion on December 20, 2005, and Vansant Lumber filed an Answer on January 1, 2006.

Defendants Stephens, KJ Stephens & Associates, and Vansant Lumber filed on March 14, 2008, a Motion to Dismiss on the grounds that the civil RICO statute is unconstitutional. On March 20, 2008, the defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

II

The defendants argue that the Act is unconstitutional. Specifically, they contend that 18 U.S.C.A. § 1964(c) is unconstitutionally vague because the "pattern of racketeering activity" element, as incorporated by reference to § 1962, is too broad

to give a reasonable person notice of the conduct prohibited by the Act. In support of this argument, the defendants cite a concurrence authored by Justice Scalia, and joined by three other justices, which they characterize as an invitation to future litigants to challenge the validity of the RICO Act on the grounds that it is unconstitutionally vague. *See H.J. Inc. v. Nw. Bell*, 492 U.S. 229, 251-56 (1989).

As an initial matter, I note that the Scheduling Order entered on February 22, 2007, mandated that all dispositive motions be filed no later than November 1, 2007. Although a scheduling order may be modified for good cause, Fed. R. Civ. P. 16(b)(4), the defendants have failed to show good cause to permit dispositive motions to be filed more than four months after the deadline designated in the Scheduling Order.[2] Although this is a sufficient reason to deny the motion, on which I rely, I will also briefly address the merits.

To my knowledge, no court has found the Act unconstitutional. *See, e.g.*, *United States v. Parness*, 503 F.2d 430, 440-42 (2d Cir. 1974) (rejecting defendant's claim that "pattern" as used in § 1962(b) is unconstitutionally vague); *United States v. Hawes*, 529 F.2d 472, 478-79 (5th Cir. 1976) ("[W]e hold that 'any person' of average intelligence, on a clear reading of that statute, together with relevant

---

[2] The defendants have recently obtained new counsel, but that alone is insufficient reason for ignoring the scheduling deadlines.

- 3 -

Case 1:05-cv-00066-JPJ   Document 443   Filed 04/21/08   Page 3 of 6   Pageid#: 2366

definitional provisions, could not help but realize that they would be criminally liable for participating in 'any enterprise,' including their own, 'through a pattern of racketeering activity. . . .'") (quoting 18 U.S.C.A. § 1962(c)); *United States v. Cappetto*, 502 F.2d 1351, 1357-58 (7th Cir. 1974) (finding defendant's argument that § 1964 is unconstitutionally vague without merit because "[t]he kinds of activity to which the injunction may be addressed are described with sufficient particularity in . . . substantive provisions" of the Act); *United States v. Campanale*, 518 F.2d 352, 364 (9th Cir. 1975) ("Any ambiguity is cured by 18 U.S.C. § 1961, which defines 'racketeering activity' with reference to specific offenses, 'pattern of racketeering activity' with reference to a definite number of acts of 'racketeering activity' within specified time periods, and 'enterprise' and 'person' with standard language of established meaning."); *see also United States v. Grande*, 620 F.2d 1026, 1038 n.4 (4th Cir. 1980) (rejecting the defendant's argument that the statute is overly broad and vague because all courts which have considered the issue have rejected this argument). For the reasons stated in these cases, I find that the civil RICO Act is not unconstitutionally vague.[3]

---

[3] In accord with Federal Rule of Civil Procedure 5.1(a), the defendants notified the Attorney General that they had claimed that the civil RICO statute was unconstitutional. Pursuant to Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C.A. § 2403 (West 2006), the court is required to certify the defendants' constitutional challenge to the Attorney General. The rule does not specify when certification should be made, other than before "a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c). Although the Attorney

III

The defendants have also filed a Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The defendants' motion is based on their allegation that there is a forum selection clause in a contract with Buchanan County. That clause states as follows:

> This Agreement shall be construed in accordance with the laws of the Commonwealth of Virginia. The parties agree that the Circuit Court of Buchanan County shall be the proper venue for any litigation hereunder whether or not such alleged breach involves Federal law or jurisdiction.

(Def.'s Br. Mot. Dismiss 1.) Forum selection clauses, however, do not divest a court of subject matter jurisdiction. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Instead, they are best understood as expressions of the parties' venue preference. *See Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993). The Federal Rules of Civil Procedure instruct defendants that if they have an objection to venue, it must be filed in the first responsive pleading or motion or the

---

General has had actual notice and an opportunity to intervene, the court will certify a copy of this opinion to the Attorney General, thereby satisfying the certification requirement. *See Tonya K. v. Bd. of Educ.*, 847 F.2d 1243, 1247 (7th Cir. 1988); *Wallach v. Lieberman*, 366 F.2d 254, 257-58 (2d Cir. 1966). "Absent indication of harm, or prejudice to the government's opportunity to fully present its views, belated certification, while not ideal, is sufficient to honor the purpose of section 2403." *Merrill v. Town of Addison*, 763 F.2d 80, 83 (2d Cir. 1985). The court will entertain a motion for rehearing if the Attorney General thinks that intervention is necessary. *See Thatcher v. Tenn. Gas Transmission Co.*, 180 F.2d 644, 648 n.7 (5th Cir. 1950).

claim is waived. Fed. R. Civ. P. 12(g); *see Albany Ins. Co.*, 5 F.3d at 909-10; *Commerce Consultants Int'l, Inc. v. Vetrerie Riunite, S.p.A.*, 867 F.2d 697, 698-99 (D.C. Cir. 1989). All three defendants filed an Answer more than two years ago. The time has long passed to claim that venue is improper in this court.

IV

For these reasons, the Motions to Dismiss have been denied. The clerk is directed to send a copy of this Opinion to the Attorney General of the United States.

DATED: April 21, 2008

/s/ JAMES P. JONES
Chief United States District Judge