CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
SEP 2 9 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| BUCHANAN COUNTY, VIRGINIA, | ) )  )  Case No. 1:05CV00066 |
| Plaintiff, | )  )  **OPINION** |
| v. | )  )  By: James P. Jones |
| STUART RAY BLANKENSHIP, ET AL., | )  Chief United States District Judge )  ) |
| Defendants. | ) |

*Steven R. Minor, Elliot Lawson & Minor, Bristol, Virginia, for Plaintiff; Timothy W. McAfee, Timothy W. McAfee, PLLC, Norton, Virginia, for Defendants Vansant Lumber Company and KJ Stephens & Associates, LLC.*

In this action for damages by Buchanan County, Virginia, against participants in a bribery and bid-rigging scheme, the jury returned verdicts against defendants Vansant Lumber Company ("Vansant") and KJ Stephens & Associates, LLC ("Stephens"), in the sum of $250,000 each. These defendants have filed a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). The motion has been briefed and argued and is ripe for decision. For the reasons stated below, I will grant the motion and enter judgment for the defendants.

The facts of the case are set out in prior opinions of the court. *See, e.g., Buchanan County, Va. v. Blankenship*, 496 F. Supp. 2d 715 (W.D. Va. 2007)

(granting partial summary judgment); *United States v. Keene*, 375 F. Supp. 2d 473 (W.D. Va. 2005) (involving prior criminal prosecution). In one of its several claims, (Claim Four) the County contended that Vansant and Stephens were liable to it under Va. Code Ann. § 2.2-3123 (2005), which provides that any contract obtained through bribery may be rescinded by the governmental agency and that "the contractor shall retain or receive only the reasonable value, with no increment for profit or commission, of the property or services furnished." The evidence at trial showed that Stephens had contracts of approximately $1.9 million for debris removal; Vansant's contracts, primarily for rental equipment, totaled approximately $300,000. There was evidence that Kenneth Joseph Stephens, an agent of both companies, paid bribes of as much as $300,000 to county officials.

The jury was instructed with reference to this claim as follows:

> In Claim Four, Buchanan County has alleged that contracts entered into between Buchanan County and certain of the defendants have been rescinded and that Buchanan County is therefore entitled to restitution of money under a provision of Virginia state law. You must determine what amount of money the County paid on the contracts in question and the reasonable value of the services rendered by the defendants to the County under the contract, excluding any profit to the defendants. The defendants have the burden of proving by a preponderance of the evidence the reasonable value of the services rendered.

(Instruction No. 5.) The jury found that the difference between the amount of money

paid by the County and the value of the services rendered was $250,000 as to each defendant.

The defendants argue that the evidence was insufficient to allow the jury to find such difference and that judgment must be entered in favor of the defendants as to Claim Four. I agree. While the undisputed payment of the bribes could have supported an inference that the companies inflated their contract prices, there was no evidence by which a reasonable jury could have determined the allocation of such amounts as between the defendants. Although the companies shared a common agent, they entered into separate contracts with the County, for separate services. The evidence at trial could only have allowed the jury to speculate as to the proper division of the bribes—and thus the proper division of damages—as between the defendants.

To the extent that the burden of proof was upon the defendants to prove the reasonable value of their services, I find that they did meet that burden and in the absence of contrary evidence, the jury's verdict is not supportable.

For these reasons, I will grant the defendants' motion, set aside the jury's verdicts, and enter judgment in favor of the defendants.[1]

---

[1] Because of my decision, it is not necessary for me to rule on the other grounds of the defendants' renewed motion, or on their separate motion in which they ask that the judgments be reduced by the amount of the $700,000 money forfeiture extracted from

- 3 -

A separate order will be entered herewith.

DATED: September 29, 2008

/s/ James P. Jones
Chief United States District Judge

---

Kenneth Joseph Stephens following his RICO conviction in the federal criminal case arising from these events. The amount of that forfeiture was later remitted by the United States to Buchanan County.

I will, however, in light of my decision, grant the defendants' objection to the Bill of Costs submitted by the County. Because the County did not ultimately prevail, it is not entitled to its costs in the case.